IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TINA B., | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-22-470 |
| KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On February 25, 2022, Tina B. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision denying her claims for Disability Insurance Benefits ("DIB") under Title II. ECF No. 1 at ¶ 2. Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 9, 11) on August 4, 2022 and October 4, 2022 respectively.[1] Plaintiff subsequently responded in opposition to Defendant's Motion on October 19, 2022. ECF No. 12. After considering the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 9) is GRANTED, Defendant's Motion for Summary Judgment (ECF No. 11) is DENIED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] On February 25, 2022, all parties consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 4. On October 31, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings.

1

## PROCEDURAL HISTORY

On May 23, 2019, Plaintiff filed a Title II application for DIB alleging disability since June 14, 2018. ECF No. 6 at 17.[2] Her claim was initially denied on August 1, 2019, and upon reconsideration on December 30, 2019. *Id.* Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on October 22, 2020. *Id.* On March 29, 2021, the ALJ rendered a decision finding that Plaintiff was not disabled under the Act. *Id.* at 25-26. Plaintiff then requested review of the ALJ's decision, which the Appeals Council denied on November 5, 2021. *Id.* at 5. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§ 404.981, 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On February 25, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the SSA's denial of her disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d

---

[2] Although ECF No. 6 is independently paginated, this Opinion cites to the page numbers assigned by CM/ECF.

2

204, 207 (4th Cir. 2015) (citations omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

To be eligible for DIB, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

3

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows a five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ

must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, she is not disabled. If the claimant cannot perform other work, she is disabled.

## THE ALJ'S DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 14, 2018. ECF No. 6 at 19. At step two, the ALJ found that Plaintiff had severe impairments of hallux valgus in the right foot, hammertoe in the right foot, and synovitis in the right foot. *Id.* In addition to these severe impairments, the ALJ determined that Plaintiff suffered from the following nonsevere impairments: osteoarthritis in the hands and wrists, fibromyalgia, seizure disorder, depressive disorder, anxiety disorder, and alcohol, cannabis and nicotine dependence. *Id.* at 19-20. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 21-22. The ALJ then determined that Plaintiff had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except she is limited to never climbing ladders, ropes or scaffolds and must avoid hazards, such as moving machinery and unprotected heights.

*Id.* at 22. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a salesperson in horticulture and biller/coder. *Id.* at 25. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 26.

## DISCUSSION

On appeal, Plaintiff argues that this Court should reverse, or in the alternative remand, the SSA's final decision because the ALJ did not perform "a function-by-function assessment of Plaintiff's ability to perform and sustain any of the material work functions under 20 C.F.R. § 416.945 when determining her RFC." ECF No. 9-2 at 8, 11, 24. Rather than conduct the required function-by-function assessment, Plaintiff avers that the ALJ based her RFC determination on an evaluation of "Plaintiff's symptoms." *Id.* at 11. The ALJ, Plaintiff asserts, also erred by failing to follow the procedure for evaluating mental impairments outlined in 20 C.F.R. § 404.1520a and by failing to consider Plaintiff's mental impairments on a function-by-function basis. *Id.* at 18.

Defendant conversely argues that remand is not required as there are not "extreme decisional deficiencies" in the ALJ's RFC determination which "preclude[] meaningful judicial review." ECF No. 11-1 at 6. In its view, the ALJ's decision "amply clears the 'not high' bar for substantial evidence" as she "detailed Plaintiff's medical treatment, prior administrative medical findings, testimony and reports in marking her residual function capacity findings[.]" *Id.* at 7-8 (internal citation omitted). Defendant also asserts that the ALJ properly assessed Plaintiff's mental RFC as she "very clearly—and extensively—reviewed the four broad areas of mental functioning found within 20 C.F.R. § 1520a[.]" *Id.* at 12. And, Defendant avers that Plaintiff has failed to meet

7

her burden of showing that "her symptoms were more severe than described by the ALJ." *Id.* at 15.

According to the SSA, a claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a 'regular and continuing basis.'" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996). In performing an RCF assessment, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal citation omitted). The ALJ is first tasked with identifying "the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, at *1. Relevant functions include: "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Social Security Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting 20 C.F.R. § 416.945(b)) (alterations in *Dowling*).

In *Mascio v. Colvin*, the United States Court of Appeals for the Fourth Circuit rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." 780 F.3d at 636. It reasoned that such a rule would be "inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (internal citation omitted). The Court explained, however, that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis

8

frustrate meaningful review." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). While noting that the "ALJ ha[d] determined what functions he believes Mascio can perform," the Court determined that the ALJ's "opinion [was] sorely lacking in the analysis needed . . . to meaningfully review those conclusions." *Id.* at 636-37. The Court specified that the ALJ's RFC assessment "said nothing about Mascio's ability to perform [certain functions] for a full day." *Id.* at 637. This analytical gap required remand, the Court concluded, as "the record contain[ed] conflicting evidence of Mascio's residual function capacity—evidence that the ALJ did not address." *Id.*

More recently, in *Dowling v. Commissioner of Social Security Administration*, the Fourth Circuit Court of Appeals, applying the *Mascio* standard, held that an ALJ's RFC determination was not supported by substantial evidence as the ALJ did not "indicate that [the] RFC assessment was rooted in a function-by-function analysis of how Appellant's impairments impacted her ability to work." 986 F.3d 377, 387 (4th Cir. 2021). The ALJ, the Court explained, erred by basing his RFC determination entirely on an evaluation of the "intensity and persistence of [the claimant's] symptoms." *Id.* (internal citation omitted). While noting that a claimant's symptoms are certainly "relevant to the RFC evaluation," the Court made clear that "an RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Id.* Remand was also warranted, according to the Court, as the ALJ erred by expressing the claimant's RFC "'in terms of [] exertional levels of work' without first engaging in 'a function-by-function analysis.'"[3] *Id.* at 388 (quoting *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016)). *See*

---

[3] In its motion, Defendant compares this case to *Ladda v. Berryhill*, 749 F. App'x 166 (4th Cir. 2018). ECF No. 11-1 at 7. The Court notes, however, that *Ladda* is distinguishable from the present case as, there, the ALJ satisfied the requirements of *Mascio* by discussing "Ladda's ability to sit, stand, and walk, and he explained that Ladda's physicians opined that Ladda did not need to rely

9

*also Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) (Holding that an RFC was not supported by substantial evidence because it "contain[ed] too little logical explanation for [the Court] to conduct meaningful appellate review."); *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (Holding that an RFC was not supported by substantial evidence because the "ALJ concluded that Woods could perform 'medium work' and summarized evidence that he found credible, useful, and consistent" but "never explained how he concluded—*based on this evidence*—that Woods could actually perform the tasks required by medium work[.]").

Here, after a detailed recitation of Plaintiff's medical records and follow-up reports, the ALJ concluded that "claimant's psychological impairments are nonsevere" and that her "physical impairments are not as limiting as she alleges." ECF No. 6 at 24. Despite doubting the severity of Plaintiff's physical impairments, the ALJ concluded that she "considered the claimant's right foot problem as severe, but minimally limiting, and as such, reduced the claimant's residual functional capacity to medium." *Id.* In arriving at this conclusion, however, the ALJ did not build the requisite "logical bridge" between the medical evidence and Plaintiff's ability to perform the functions of medium work based on that evidence. *See Woods v. Berryhill*, 888 F.3d at 694 ("[T]he ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). As relevant to Plaintiff's severe foot impairment, the RFC says nothing of her ability to walk, stand, lift, or carry for six hours in a standard workday. *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) ("A full range of medium work requires standing or walking, off and on, for a total

---

on a cane or crutches." *Id.* at 173. As will be explained, here, the ALJ performed no such function-by-function analysis.

of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds.").

As in *Mascio* and *Dowling*, here, remand is necessary as the Court is left to guess about how the ALJ arrived at her conclusion that the Plaintiff could perform the functions associated with medium work.

## CONCLUSION

Based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 9) is GRANTED, Defendant's Motion for Summary Judgment (ECF No. 11) is DENIED. The decision of the SSA is REMANDED for further proceedings consistent with this Opinion. On remand, the ALJ is directed to ground Plaintiff's RFC assessment in a function-by-function analysis. If necessary, the ALJ should also revise any subsequent analysis. Because the Court finds that the ALJ's RFC assessment is not supported by substantial evidence, it does not address Plaintiff's contention that remand is required to address the ALJ's findings related to Plaintiff's mental impairments. ECF No. 9-2 at 18. A separate order will follow.

Date: 6 December 2022

A. David Copperthite
United States Magistrate Judge